# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32664**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Kevien D. WILSON**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 December 2021

————————————

*Military Judge:* Jennifer E. Powell (trial), Andrew R. Norton (post-trial).

*Sentence:* Sentence adjudged on 8 July 2020 by SpCM convened at Davis-Monthan Air Force Base, Arizona. Sentence entered by military judge on 26 August 2020: Bad-conduct discharge, confinement for 120 days, restriction for 60 days, and a reprimand.

*For Appellant:* Captain David L. Bosner, USAF.

*For Appellee:* Lieutenant Colonel Matthew J. Neil, USAF; Major Alex B. Coberly, USAF; Mary Ellen Payne, Esquire.

Before POSCH, RICHARDSON, and CADOTTE, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

In accordance with his pleas and pursuant to a plea agreement, Appellant was convicted of one specification each of wrongfully using fentanyl, cocaine, and marijuana, all on divers occasions and in violation of Article 112a, UCMJ,

10 U.S.C. § 912a.[1] A special court-martial composed of a military judge alone sentenced Appellant to a bad-conduct discharge, confinement for 120 days,[2] restriction to Davis-Monthan Air Force Base for 60 days, and a reprimand. The plea agreement with Appellant required the military judge to adjudge no more than five months' confinement for each specification, with periods of confinement running concurrently. The convening authority took no action on the sentence, but did provide the language of the reprimand.

This case was submitted for our review with a single assignment of error, asserting the Government failed to serve the record of trial on Appellant. We granted the Government's motion to attach a declaration and two receipts.[3] In its answer to Appellant's brief to this court, the Government asserted those documents demonstrate that Appellant was served the record of trial on 16 September 2020, and trial defense counsel received his copy two days later. Appellant did not reply to the Government's brief. We agree with the Government; Appellant's assignment of error is without merit.

The findings and the sentence entered are correct in law and fact, and no error prejudicial to the substantial rights of the Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] All references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] Specifically, the military judge adjudged 90 days for fentanyl use, 120 days for cocaine use, and 30 days for marijuana use, with concurrent terms of confinement.

[3] We consider these documents necessary to resolve an issue raised in the record of trial, which contained blank forms for Appellant and trial defense counsel to indicate receipt of the record of trial. *See United States v. Jessie*, 79 M.J. 437, 442–43 (C.A.A.F. 2020).